**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VINCENT MURPHY, individually and on behalf of all others similarly situated, | Case No.: 1:24-cv-319 |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| DIPSON THEATRES, INC., | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Plaintiff Vincent Murphy ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned counsel, brings this class action complaint against Dipson Theatres, Inc. ("Defendant" or "Dipson"). Plaintiff alleges the following upon information and belief based on the investigation of counsel, except as to those allegations that specifically pertain to Plaintiff, which are alleged upon personal knowledge.

## NATURE OF THE ACTION

1.      Defendant charged service fees to online purchasers of movie tickets at https://www.dipsontheatres.com without properly disclosing those fees prior to the consumer checking out, in violation of the New York Arts and Cultural Affairs Law § 25.07(4) (ACAL).

2.      When ticket purchasers visit Defendant's website https://www.dipsontheatres.com to buy an admission ticket, they are initially quoted one price, only to later be shown the true total ticket price, which includes an additional "Service Fee" ("Fees").

3.      In an effort to stop this type of business practice, New York State passed the Arts and Cultural Affairs Law, which provides that a "platform that facilitates the sale or resale of

tickets… shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket." § 25.07(4).

4. The "disclosure of the total cost and fees shall be displayed in the ticket listing prior to the ticket being selected for purchase." Id. (emphasis added). § 25.07(4) further states that "[t]he price of the ticket shall not increase during the purchase process." Id. (emphasis added). This latest version of the law went into effect August 29, 2022.[1]

5. Arts and Cultural Affairs Law § 25.07(4) provides that a "platform that facilitates the sale or resale of tickets". . . shall disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser." Id.

6. As a result of Defendant's failure to adhere to these disclosure standards, Plaintiff seeks relief in this action individually, and on behalf of all other ticket purchasers of Defendant for unjust enrichment and actual and/or statutory damages in the amount of fifty dollars per violation,[2] reasonable attorneys' costs and fees, and injunctive relief under New York Arts and Cultural Affairs Law § 25.33

## **PARTIES**

7. Plaintiff Vincent Murphy is an individual consumer who, at all times material hereto, was a citizen and resident of Niagara County, New York. Plaintiff purchased an admission ticket through Defendant's website, https://www.dipsontheatres.com.

---

[1] See N.Y. Arts & Cult. Aff. Law § 25.07
[2] See New York Arts and Cultural Affairs Law § 25.34



*Mr. Murphy's ticket confirmation*

The transaction flow process he viewed on Defendant's website was substantially similar to that

depicted in *Figures 1 through 5* in this complaint.

8.      Defendant Dipson Theatres, Inc. is a New York corporation with its principal place

of business located in Williamsville, New York.

**<u>JURISDICTION AND VENUE</u>**

9.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)

because there are more than 100 Class members; the aggregate amount in controversy exceeds

$5,000,000.00, exclusive of interest, fees, and costs; and at least one Class member is a citizen of

a state different from Defendant.

10.     Upon information and belief, Defendant sold thousands of tickets to its place of entertainment through its website during the applicable class period and is liable for a minimum of fifty dollars in statutory damages for each ticket sold.

11.     This Court has personal jurisdiction over Defendant because Defendant is a New York corporation and directed their business via the sale of tickets through their website to consumers in New York, including to Plaintiff.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff Murphy is a resident of Niagara County, New York, and Defendant is headquartered in the District.

## NEW YORK ARTS & CULTURAL AFFAIRS LAW

13.     The New York enacted Arts & Cultural Affairs Law § 25.07(4), effective on August 29, 2022, provides that "[e]very operator or operator's agent of a place of entertainment, any licensee or other ticket reseller, or platform that facilitates the sale or resale of tickets … shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket, and disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser. Such disclosure of the total cost and fees shall be displayed in the ticket listing prior to the ticket being selected for purchase." *Id*. And "[t]he price of the ticket shall not increase during the purchase process." *Id*.

14.     In response to ticketing websites' communications to the State of New York's Division of Licensing Services as to the scope of the law, the Division of Licensing Services

4

clarified: "the ticket purchasing process begins once a consumer visits a ticket marketplace and ***first sees a list of seat prices***."[3]

15.    The Division of Licensing Services added that "[f]rom the moment the prospective purchaser assesses the [] ticket lists through the final payment … there should be no price increases to the purchaser for the ticket itself." *Id.* "When a prospective purchaser selects a ticket with full disclosure of the ticket price, the purchaser should not then have to search for the total price of the ticket as the purchaser proceeds through the purchasing process, it should continue to be readily available to the purchaser." *Id.* at 2.

16.    The statute does not speak to any purchasing limitations. By all accounts, the statute applies to: (i) New York purchasers of tickets to a New York based event, (ii) New York purchasers of tickets to a non-New York based event, and (iii) non-New York purchasers of tickets to a New York event.

<u>**COMMON FACTUAL ALLEGATIONS**</u>

17.    When    prospective    purchasers    visit    Defendant's    website, https://www.dipsontheatres.com to purchase a movie ticket, they are initially prompted to select a date, time, and theatre location. *See Figure 1*, next page.

---

[3] *See* N.Y. Dep't of State, Div. Licens. Servs., Request for Additional Guidance – New York State Senate Bill S.9461, (Oct. 24, 2022).



*Figure 1*

18.    Next, purchasers are prompted to make a seat selection. *See Figure 2*.



*Figure 2*

19.     After, purchasers are prompted to select the type and quantity of tickets they are buying, with a fee-less price displayed next to each option. *See Figure 3*.



*Figure 3*

20.     Thereafter, purchasers are prompted to login to an existing customer account, create an account, or proceed as a guest purchaser. *See Figure 4*.



*Figure 4*

21.     Lastly, purchasers arrive at the checkout screen. *See Figure 5*, next page.



*Figure 5*

22.    It is only on this page when purchasers are ready to checkout, that the true "TOTAL price" emerges. The total price displayed on this screen includes a $1.75 added charge via a "Service Fee.*"* This is the first time Defendant makes any mention of additional "fees" in the entire multi-step ticket purchase process.

## COMPLIANCE WITH NEW YORK ARTS AND CULTURAL AFFAIRS § 25.07(4)

23.    Certain ticket sellers' websites, in contrast to Defendant's, appear to comply with ACAL. Ticket reseller Eventbrite, Inc. ("Eventbrite") presentation of fees on their website https://www.eventbrite.com/ is an example of a business that is in compliance with the New York Arts and Cultural Affairs Law § 25.07(4).

24.    As soon as purchasers are prompted to select their ticket type, they are presented with the ticket price, inclusive of fees. *See Figure 6*, next page.



*Figure 6*

25.     Finally, purchasers arrive at the checkout page, ready to complete their purchase, and are shown the same ticket price presented on the prior page. *See Figure 7*.



*Figure 7*

26.     In contrast to Defendant's presentation of ticket pricing, at no point during the multi-step purchase process presented by Eventbrite did the ticket price displayed to the buyer change. It remained consistent from the first point of selection through to checkout, in compliance with New York Arts and Cultural Affairs Law § 25.07(4).

27.     Additionally, the American Museum of Natural History ("AMNH") serves as another example of how ticket fees should be presented to comply with the statute.

28.     When prospective purchasers visit the American Museum of Natural History ("AMNH") website at https://www.amnh.org to purchase a ticket, they are initially prompted to select the type and quantity of tickets, with a price displayed. *See Figure 8*.



*Figure 8*

29.     Thereafter, purchasers are prompted to select the date and time of their visit, with the price display remaining the same as it was during the initial step in the purchase process. *See Figure 9.*



*Figure 9*

30.     Next, purchasers are asked to review their cart to confirm their ticket details. *See Figure 10.*





*Figure 10*

11

31.    Finally, purchasers arrive at the checkout page, ready to complete their purchase. *See Figure 11.*



*Figure 11*

32.    In contrast to Defendant's presentation of ticket pricing, at no point during the multi-step purchase process presented by AMNH, did the ticket price displayed to the buyer change. It remained consistent from the first point of selection through to checkout, in compliance with New York Arts and Cultural Affairs Law § 25.07(4).

<u>**CLASS ACTION ALLEGATIONS**</u>

33.    Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of the following Class:

> All purchasers of tickets to Defendant's New York locations through Defendant's website who paid a service fee.

34.    Specifically excluded from the Class are Dipson, their officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants,

partners, joint venturers, or entities controlled by Dipson, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Dipson and/or their officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

35.     Plaintiff reserves the right to amend the Class definition above if further investigation and/or discovery reveals that the Class should be expanded, narrowed, divided into subclasses, or otherwise modified in any way.

36.     This action may be certified as a class action under Federal Rule of Civil Procedure 23 because it satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements therein.

37.     Numerosity (Rule 23(a)(1)): The Class is so numerous that joinder of all Class members is impracticable. Although the precise number of such persons is unknown, and the facts are presently within the sole knowledge of Defendant, Plaintiff estimates that the Class is comprised of hundreds of thousands, or more, Class members. The Class is sufficiently numerous to warrant certification. The exact number of Class Members is in the possession and control of Defendant.

38.     Typicality of Claims (Rule 23(a)(3)): Plaintiff, like the other customers of Dipson, has been subjected to Dipson's deceptive pricing disclosure practices. Plaintiff is a member of the Class and his claims are typical of the claims of the members of the Class. The harm suffered by Plaintiff is similar to that suffered by all other Class members that was caused by the same misconduct by Defendant.

39.     Adequacy of Representation (Rule 23(a)(4)): Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests antagonistic to, nor in conflict with, the Class. Plaintiff has retained competent counsel who are experienced in consumer and commercial class action litigation and who will prosecute this action vigorously.

40.   Superiority (Rule 23(b)(3)): A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the monetary damages suffered by individual Class members is relatively small, the expense and burden of individual litigation make it impossible for individual Class members to seek redress for the wrongful conduct asserted herein.  If Class treatment of these claims is not available, Defendant will likely continue its wrongful conduct, will unjustly retain improperly obtained revenues, or will otherwise escape liability for its wrongdoing as asserted herein

41.   Predominant Common Questions (Rule 23(a)(2)): The claims of all Class members present common questions of law or fact, which predominate over any questions affecting only individual Class members, including:

A.   Whether Defendant failed to disclose the total cost of the ticket, including all ancillary fees, prior to the tickets being selected for purchase in violation of New York Arts & Cultural Affairs Law § 25.07(4);

B.   Whether the displayed price of Defendant's tickets increases during the purchase process in violation of New York Arts & Cultural Affairs Law § 25.07(4); and

C.   Whether Defendant failed to disclose its "Fees" in a clear and conspicuous manner in violation of New York Arts & Cultural Affairs Law § 25.07(4).

42.   Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude their maintenance as a class action.

43.   The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications and establish incompatible standards of conduct for Defendant. Prosecution as a class action will eliminate the possibility of repetitious and inefficient litigation.

44.   Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

45.     Given that Defendant has not indicated any changes to its conduct, monetary damages are insufficient and there is no complete and adequate remedy at law.

## CAUSES OF ACTION

### COUNT I
### NEW YORK ARTS & CULTURAL AFFAIRS LAW§ 25.07
### (On Behalf Of The Nationwide Class and New York Subclass)

46.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-6, and 17-32, as if fully set forth herein.

47.     Plaintiff brings this claim individually and on behalf of the members of the Nationwide Class and New York Subclass against Defendant.

48.     Defendant is an "operator[s]… of a place of entertainment" under N.Y. Arts & Cult. Aff. Law § 25.03(6), because Defendant operates Dipson Theatres, which constitutes a "place of entertainment."

49.     Under N.Y. Arts & Cult. Aff. Law § 25.03(6), a "'Place of entertainment' means any privately or publicly owned and operated entertainment facility such as a theatre, stadium, arena, racetrack, museum, amusement park, or other place where performances, concerts, exhibits, athletic games, or contests are held for which an entry fee is charged."

50.     Defendant, by failing to disclose the "total cost of a ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket" after a ticket is selected, as depicted in *Figures 1 through 5* of this Complaint, has violated New York Arts & Cultural Affairs Law § 25.07(4).

51.     Through increasing the total cost of its tickets during the purchase process, as depicted in *Figures 1 through 5* of this Complaint, Defendant violated New York Arts & Cultural Affairs Law § 25.07(4).

52.     Additionally, by failing to "disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser," as depicted in *Figure 5 of* this Complaint, Defendant further violated New York Arts & Cultural Affairs Law § 25.07(4).

53.     Defendant's added "Service Fee" constitutes an "ancillary fee[] that must be paid in order to purchase the ticket." N.Y. Arts & Cult. Aff. Law § 25.07(4).

54.     Plaintiff purchased tickets on Defendant's website and were forced to pay Defendant's added "Fees" in order to secure their tickets. Plaintiff was harmed by paying this added charge, even though that total cost was not disclosed to Plaintiff at the beginning of the purchase process, and therefore, is unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

55.     Plaintiff was also harmed by paying Defendant's added "Fees," even though it was not clearly and conspicuously disclosed on the final checkout page, and therefore, is unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

56.     Through this Complaint, Plaintiff, on behalf of themselves and members of the Class, seek to enjoin the unlawful acts and practices described herein, to recover actual damages or fifty dollars, whichever is greater, and reasonable attorneys' fees. See N.Y. Arts & Cult. Aff. Law § 25.33.

## COUNT II
## UNJUST ENRICHMENT
### (On Behalf Of Plaintiff and the Class)

57.     Plaintiff incorporates by reference and re-allege each and every allegation set forth above in paragraphs 1 through 6, and 17 through 32, as though fully set forth herein.

58.     Plaintiff and Class Members conferred a benefit upon Defendant by using Defendant's services.

16

59.     Defendant appreciated or had knowledge of the benefits conferred upon itself by Plaintiff. Defendant also benefited from the receipt of Plaintiff's payment for their added fees, as this was used by Defendant to administer their services to Plaintiff and the Class, namely the conveyance of an admission ticket to a movie of Plaintiff's choice. Thus, to purchase a ticket, Plaintiff had to pay the added fee at checkout.

60.     Under principles of equity and good conscience, Defendant should not be permitted to retain the full value of Plaintiff's payment because Defendant failed to disclose the true value of their ticket prices in accordance with law.

61.     Defendant should be compelled to disgorge into a common fund for the benefit of Plaintiff all unlawful or inequitable proceeds received by it because of their misconduct and Data Breach.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b) For an order declaring that Defendant's conduct violates the statute referenced herein;

(c) For an order finding in favor of Plaintiff and the Class;

(d) For compensatory and statutory damages in amounts to be determined;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff demands a trial by jury of all issues so triable.

Dated: April 9, 2024

**LEVI & KORSINSKY, LLP**

By: _/s/ Mark S. Reich_
Mark S. Reich (MR-4166)
Colin A. Brown*
33 Whitehall Street, 17th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: mreich@zlk.com
      cbrown@zlk.com

*Counsel for Plaintiff*

*\*pro hac vice* forthcoming

18